IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD WAYNE O'NEAL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | Case No. CIV-12-958-W |
| Acting Commissioner, Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's applications for disability insurance (DIB) and social security income benefits (SSI) under the Social Security Act. United States District Judge Lee W. West referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(3), and it is now before the undersigned Magistrate Judge. Upon review of the pleadings, the transcript of administrative proceedings (Tr.) and the parties' briefs, the undersigned recommends that the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings.

## I. ADMINSTRATIVE PROCEEDINGS

Plaintiff protectively filed his applications for benefits on November 14, 2007. Tr. 161-168. Although he initially alleged that his impairments became disabling on August 2, 2002, the date was amended at the hearing to November 14, 2007. Tr. 11.

Plaintiff's claims were denied at the agency level, and at his request, an Administrative Law Judge (ALJ) conducted a hearing. Tr. 58-62, 63-66, 67-69, 70-72, 73-74. In his March 17, 2011, decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. Tr. 11-22. The Appeals Council of the Social Security Administration declined Plaintiff's request for review, and so the decision of the ALJ became the decision of the Commissioner. Tr. 1-5. Plaintiff, through counsel, now seeks review of the Commissioner's final decision in this Court.

## II. DECISION OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found that Plaintiff meets the insured status requirements through December 31, 2011, has not engaged in substantial gainful activity since November 14, 2007, and has the following severe impairments: affective mood disorder; diabetes mellitus, and obesity. Tr. 13. The ALJ found Plaintiff's medically determinable impairments of polysubstance abuse, alcohol abuse, reflux, hypertension, and history of coronary artery bypass grafting to be non-severe. Tr. 13-14. The ALJ further found that Plaintiff had no impairment or combination of impairments that met or equaled a listing level under 20 C.F.R. Part 404, Subpart P, Ap. 1. Tr. 14.

The ALJ found that Plaintiff has the residual functional capacity (RFC) for a wide range of light work. Tr. 16. In particular, he found that Plaintiff could lift and/or carry 20 pounds occasionally and ten pounds frequently; stand and/or walk for six hours of an eight hour workday; sit for six hours of an eight hour workday;

2

understand and consistently complete simple tasks in a familiar setting under ordinary supervision; interact appropriately for incidental work purposes; and adapt to work changes. Tr. 15-16. Based on this RFC finding, the ALJ concluded that Plaintiff could perform his past relevant work as a cashier II. Tr. 21. Based on these findings, the ALJ found that Plaintiff was not under a disability and thus not entitled to benefits. Tr. 21.

### III. STANDARD OF REVIEW

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(b)-(f); *see also Williams v. Bowen,* 844 F.2d 748, 750–52 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving he has one or more severe impairments. *See* 20 C.F.R. § 404.1512; *Turner v. Heckler,* 754 F.2d 326, 328 (10th Cir. 1985). If he carries that burden, the ALJ will conduct a RFC assessment at step four to determine what if anything the claimant can still do despite his impairments. *See* 20 C.F.R. § 404.1545(e); *Andre v. Sec'y of Health & Human Servs.,* 985 F.2d 1045, 1048 (10th Cir. 1993). At the conclusion of step four, Plaintiff once again carries the burden and must show an inability to return to past

relevant work. *See* 20 C.F.R. § 404.1520(e); *Potter v. Sec'y of Health & Human Servs.,* 905 F.2d 1346, 1349 (10th Cir. 1990). If Plaintiff meets this burden, the Commissioner bears the burden of showing that a claimant is able to make an adjustment to other work by providing evidence about the existence of work in the national economy given a claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1512(f).

This Court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's "factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue,* 602 F .3d 1136, 1140 (10th Cir. 2010). To that end, reversal is necessary if the ALJ failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler,* 742 F.2d 1232, 1235 (10th Cir. 1984) (citations omitted).

## IV. PLAINTIFF'S CLAIMS OF ERROR

Plaintiff raises three claims in support of his appeal. The first two are closely related, and concern the ALJ's handling of Plaintiff's VA disability allowance. First, Plaintiff claims that the ALJ breached his duty to develop the record by failing to obtain the VA rating documentation, particularly because Plaintiff was represented by a non-attorney representative at the hearing. Plaintiff's Opening Brief, 8. Second, Plaintiff claims that the ALJ's reasons for rejecting the VA's 100% disability finding are contrary to law and not supported by substantial evidence. *Id.* at 9. The third

4

claim of error is that the ALJ failed to consider whether Plaintiff could function successfully outside of a structured setting. Plaintiff's Opening Brief, 12.

### A. The VA's Disability Rating

Because the first two points are closely related, they will be considered together. Plaintiff argues that in his hearing testimony he stated that the VA had found him to be 100% disabled. Plaintiff's Opening Brief, 8. He notes that he was represented by a non-attorney representative at the hearing, thus the ALJ had a heightened duty to develop the record with regard to the VA rating documentation. *Id.* at 9.

The Commissioner does not disagree with this proposition. *See* Commissioner's Brief, 5. She states that the ALJ procured "ample records" from the VA, but concedes that the VA rating decision is not among them. *Id.* However, the Commissioner argues that the ALJ "[n]evertheless ... provided adequate reasons for explaining why he *disagreed with the VA that Plaintiff was disabled."* Commissioner's Brief, 5 (emphasis added). Finally, the Commissioner argues that to the extent the ALJ erred in not locating the VA's decision or providing additional analysis, any error was harmless. Commissioner's Brief, 5.

In reply, Plaintiff states that harmless error analysis is not properly applied here. He argues that the ALJ's consideration of other medical evidence supplied by the VA is not a substitute for the consideration of a VA disability finding. Plaintiff's Reply, 3-4. Instead, Plaintiff contends that there was no VA disability rating

documentation in the record. *Id.* He also explains that a VA disability rating is supported by something called a DBQ (Disability Benefits Questionnaire). Plaintiff's Reply, 6. This questionnaire is prepared by specialists who examine the medical record, and the reports refer to medical information directly relevant to the disability in question. Plaintiff's Reply, 6. Finally, he notes that VA medical records and VA disability rating records are kept by different offices within the VA. Plaintiff's Reply, 6. The latter is not in the record before the Court, and so Plaintiff argues that consideration of the records cannot be a substitute for consideration of a disability finding. Plaintiff's Reply, 7.

Plaintiff also argues that despite the ALJ's failure to even obtain the VA rating documents, he nonetheless rejected the VA's disability finding for the sole reason that the VA uses different standards for determining disability than does the Social Security Administration. Plaintiff's Opening Brief, 10. Plaintiff contends that this reason is insufficient under the applicable Tenth Circuit precedent. *Id.* Plaintiff argues that before an ALJ can reject a VA disability finding, he must consider the findings and explain their significance. *Id.*

In response, the Commissioner argues that "the record pellucidly demonstrates that the VA granted Plaintiff benefits *solely* on his heart condition." Commissioner's Brief, 6 (citing Tr. 501, 794, 1089, 1119, 1140, 1161). She then goes on to note the ALJ's finding that Plaintiff's heart condition was non-severe, relying on VA medical evidence. Commissioner's Brief, 6-7.

In reply, Plaintiff argues that the Commissioner's statement that his 100% disability rating was based solely on his heart condition is only an assumption. Plaintiff's Reply, 9. Furthermore, even if such were the case, Plaintiff notes that the ALJ found his heart condition to be non-severe. Plaintiff's Reply, 9. The ALJ's finding presupposes that Plaintiff's heart condition did not even meet the *de minimus* standard applicable to a step two severity finding, and so Plaintiff argues that the VA disability rating would have been directly relevant to the ALJ's findings at step two. Furthermore, Plaintiff argues that it is possible that Plaintiff's mental impairment formed a part of the VA disability rating. Plaintiff's Reply, 9. Plaintiff points to his residential admission to VA facilities to support an assumption that his disability was at least in part related to his mental impairments. Plaintiff's Reply, 10.

Upon a thorough reading of the record, and consideration of the parties' arguments, the undersigned finds that the ALJ erred in not explaining why he rejected the VA's 100% disability rating. A complete failure "to discuss the significance of the VA's disability evaluation" is considered error and renders the decision subject to remand. *Kanelakos v. Astrue*, 249 F. App'x 6, 8 (10th Cir. 2007). It is the general practice of the Tenth Circuit "'to take a lower tribunal at its word when it declares that it has considered a matter.'" *McFerran v. Astrue,* 437 F. App'x 634, 638 (10th Cir. 2011) (quoting *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)). However, there is no such declaration in the decision now under review. The ALJ was obviously aware of Plaintiff's non-service connected VA disability award, and

7

referred to it on more than one occasion in the decision. *See* Tr. 17, 18, 19. The ALJ's discussion seems to indicate that the Plaintiff's VA disability award detracted from his credibility—showing that his motivation for seeking disability was to avoid work if possible and "enjoy a retired sort of life." Tr. 18. The only direct discussion of the ALJ's "evaluation" of the VA disability rating is the following:

> At this point it should be noted that, although claimant was approved for disability payments through the VA, in accordance with 20 CFR § 404.1504, decisions made by any nongovernmental agency or by any other governmental agency about whether a person is disabled is based on its rules and is not the decision of the Social Security Administration about whether a person is disabled. SSA must make a disability determination based on Social Security law. Therefore, a determination made by another agency (such as Worker's Compensation or Veterans Administration) that a person is disabled is not binding on the Social Security Administration.

Tr. 19. As far as it goes, this is a true statement. However, the ALJ went beyond noting the non-binding nature of the VA disability finding—he completely disregarded it, and did so with no evaluation of the reasons underlying the VA's decision to find Plaintiff 100% disabled.

The Social Security Administration has in its own interpretation of the section cited by the ALJ above, explaining how the disability determinations of other governmental or non-governmental entities are to be considered:

> [W] are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies. Therefore,

8

> evidence of a disability decision by another governmental or nongovernmental agency *cannot be ignored and must be considered.*
>
> These decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by these agencies based on their rules. We will evaluate the opinion evidence from medical sources, as well as "non-medical sources" who have had contact with the individual in their professional capacity, used by other agencies, that are in our case record ....
>
> Because the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner, we are not bound by disability decisions by other governmental and nongovernmental agencies. In addition, because other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency. *However, the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.*

Social Sec. R. 06-03P, 2006 WL 2329939 (Aug. 9, 2006) (citations omitted) (emphasis added).

In light of the foregoing, the undersigned finds that the ALJ committed legal error in failing to obtain the VA rating and supporting documentation, and in failing to provide an explanation of the consideration given to it in reaching his own RFC finding. This error requires the decision to be reversed and remanded for proper consideration of the VA disability rating.

**B. Failure to Consider Plaintiff's Ability to Function Outside a Structured Setting**

As noted above, Plaintiff also claims error in the ALJ's failure to consider whether he has the ability to function outside a structured setting. Plaintiff's Opening Brief, 12. Plaintiff argues that the Commissioner's regulations recognized that a person who lives in a structured setting may be more impaired than his symptoms suggest. *Id.* (citing 20 C.F.R. § Pt. 404, Subpt. P App. 1 § 12.00(F)). Plaintiff argues that a person's ability to function well or even work within a structured setting does not mean that person is not disabled. Plaintiff's Opening Brief, 13 (citing *Washington v. Shalala*, 37 F.3d 1437 (10th Cir. 1994)).

The Commissioner responds that *Washington* is distinguishable from the present case because here there is nothing in the record from a treating physician opining that Plaintiff would deteriorate if not within a structured environment. Commissioner's Brief, 8. The Commissioner also notes that the ALJ here noted Plaintiff's "vigorous" daily activities at the VA facilities. Commissioner's Brief, 9 (citing Tr. 19-20).

In reply, Plaintiff argues that the ALJ took the facts that Plaintiff functioned well in a supported environment, and did not want to leave that environment, as evidence that he did not want to work. Plaintiff's Reply, 12. Plaintiff contends that this is not a proper consideration of the possibility that his mental impairments are worse than his functioning within a structure environment would indicate. The

undersigned agrees that the ALJ's finding regarding the level of Plaintiff's functioning is not supported by substantial evidence, at least insofar as the ALJ gives no apparent consideration to the fact that Plaintiff's level of functioning in a normal work environment might be less than that reflected in his VA center activities. Accordingly, on remand the ALJ should give proper consideration to the context in which Plaintiff's activities took place.

## RECOMMENDATION

Having reviewed the evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. See 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **February 13, 2014**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on January 30, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE